**CV 15-7130**

Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

FILED
CLERK

2015 DEC 15 PM 12: 26

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------x
SAMUEL AMANKWAH,

        Plaintiff,

v.

FAMILY HOME CARE SERVICES OF
BROOKLYN AND QUEENS, INC.,

        Defendant.
-------------------------------------------------x

Index No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

DONNELLY, J.

ORENSTEIN, M.J.

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## PARTIES

3. Defendant Family Home Care Services of Brooklyn and Queens, Inc. ("FHCS") is a New York not-for-profit corporation located at 168 Seventh St, Brooklyn, NY 11215 operating a home care staffing agency that assigns home health aides to work at clients' homes in and around Brooklyn and Queens. Upon information and belief, FHCS has an annual gross volume of sales in excess of $500,000.

4. FHCS competes with private for-profit home care staffing agencies.

5. Plaintiff Samuel Amankwah ("Plaintiff") was hired by Defendant and worked for Defendant as a home health aide from May 2, 2013 to on or around October 28, 2015.

## FACTS

6. Defendant committed the acts alleged in this Complaint knowingly, intentionally and willfully.

7. Defendant knew that nonpayment of overtime, spread of hours premium, deductions from wages, and failure to provide required notices violated federal and state laws.

8. From on or around May 2, 2013 to on or around October 28, 2015, Plaintiff worked for Defendant as a home health aide, providing home health care services to Defendant's client ("the Client") at the Client's apartment in Flushing, Queens, including, but not limited to, cooking, doing laundry, dressing, bathing and toileting the Client.

9. Plaintiff performed general household work for more than 20% of Plaintiff's workweek, including, but not limited to, cleaning the fridge, microwave, stove, taking out garbage, mopping, vacuuming, sweeping and dusting the entire apartment, and cleaning the entire apartment.

2

10. Plaintiff assisted the Client with daily living activities for more than 20% of Plaintiff's workweek, including, but not limited to, dressing, brushing hair, feeding, bathing, toileting, cooking, meal preparation, going to the bank, taking medication, going to medical appointments, and getting medication from the pharmacy.

11. Plaintiff's duties were an integral part of Defendant's business, as the business is meant to provide clients with home health care services.

12. During Plaintiff's employment, Plaintiff worked twelve (12) hours per day, from 8 a.m. to 8 p.m., every day, for a total of about eighty-four (84) hours per week.

13. During Plaintiff's employment, Defendant has generally paid Plaintiff $10 per hour for all hours worked on weekdays and $11.10 per hour for all hours worked on weekends.

14. During Plaintiff's employment, Plaintiff has been required to report to Defendant about his work and submit his timesheets to Defendant.

15. Defendant administers payroll for Plaintiff and issues his paychecks.

16. Defendant did not pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per week.

17. Defendant deducted union dues from Plaintiff's paychecks, but Plaintiff is not a member of a union.

18. Defendant never provided Plaintiff with the notices required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

19. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

20. Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

21. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and is entitled to overtime.

22. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

23. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2)**

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

26. Throughout the relevant statute of limitations period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

27. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York Deductions from Wages, N.Y. Lab. L. § 193 and supporting regulations)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

29. Defendant deducted union dues from Plaintiff's paychecks even though Plaintiff was not a member of a union.

30. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law. § 663.

### FOURTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, § 142-3.4)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Throughout the relevant statute of limitations period, Plaintiff's workdays regularly lasted more than ten (10) hours.

33. Throughout the relevant statute of limitations period, Defendant willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum

5

hourly wage rate when Plaintiff's workday lasted more than ten (10) hours, as required by New York law.

34. As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Defendant did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

37. As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, to be paid by Defendant;

B. Liquidated damages and penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

6

Dated: New York, New York  Respectfully submitted,
December 15, 2015

By: _____
Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.