LAW OFFICE OF FINN W. DUSENBERY

January 20, 2017

**Via ECF**

Hon. Ann Donnelly
U.S. District Judge
Eastern District of New York
500 Pearl St
New York, NY 10007

      Re:    Amankwah v. Family Home Care Services of Brooklyn and Queens, Inc.
              No. 15-cv-7130 (AMD) (ST)

Dear Judge Donnelly:

      I represent Plaintiff and submit this letter pursuant to Your Honor's Order dated January 12, 2017.  As the Court is aware, the parties have reached a settlement in this wage and hour action and a settlement of wage and hour claims cannot be dismissed with prejudice unless either the Court or the Department of Labor approves of the settlement as fair and reasonable.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  Accordingly, I write to request approval of the Settlement Agreement, attached hereto as Exhibit A, and entry of the Stipulation of Dismissal, attached hereto as Exhibit B.

      Plaintiff alleged that, from on or around May 2, 2013 to October 28, 2015, Plaintiff worked for Defendant as a home health aide, providing home health care services to Defendant's client in Flushing, Queens.  Plaintiff alleged that, during his employment, he generally worked from 8 a.m. to 8 p.m., seven (7) days per week, for a total of about eighty-four (84) hours per week. Defendant generally paid Plaintiff $10 per hour for all hours worked on weekdays and $11.10 per hour for all hours worked on weekends.  Plaintiff's complaint alleged that Defendant: (a) failed to pay Plaintiff proper overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), 29 U.S.C. § 207; 12 N.Y.C.R.R. § 142-3.2; (b) unlawfully deducted union dues from Plaintiff's paychecks even though Plaintiff was not a member of a union; (c) failed to pay Plaintiff New York's "spread of hours" premium for working shifts lasting longer than ten (10) hours a day, in violation of 12 N.Y.C.R.R. § 142-2.4; and (d) failed to provide Plaintiff with proper wage notices and statements under NYLL § 195.

      Based on the foregoing, Plaintiff estimates that Defendant owes Plaintiff maximum compensatory damages for overtime violations under either the FLSA or NYLL of $28,600.00, and maximum liquidated damages for overtime violations under either the FLSA or NYLL equal to compensatory damages for overtime violations.  Further, Plaintiff estimates that Defendant owes maximum compensatory damages for spread of hours violations under the NYLL of $7,322.00 and maximum liquidated damages for such violations under the NYLL in an equal amount.  Finally, Plaintiff estimates that Defendant owes maximum compensatory damages for notice violations of $6,750.00; and maximum compensatory damages for unlawful deductions of $540.00.

LAW OFFICE OF FINN W. DUSENBERY

As set forth in the Settlement Agreement, Plaintiff has agreed to settle this action for a total of $20,000.00, including $7,141.66 in attorneys' fees and costs. To obtain Court approval, the settlement must be "fair and reasonable." *Velasquez v. SAFI-G, INC.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Respecting the factors cited in *Beckert*, first, the settlement amount of $20,000.00 is within the range of possible recovery, as it amounts to nearly all of the compensatory damages that Plaintiff can recover under the FLSA. Further, the parties disagree about whether the companionship services exemption applies to Plaintiff. *See* 29 U.S.C. § 213(a)(15). Plaintiff contends that, prior to 2015, the companionship services exemption does not apply to him because he spent more than 20 percent of his workweek on general household work. *See Cowell v. Utopia*, 2015 WL 7281653, *3 (E.D.N.Y. 2015). Further, Plaintiff contends that the Department of Labor's new rule that does not allow third party employers, including home care agencies such as Defendant, to avail themselves of the companionship services exemption, was effective on January 1, 2015. *See Kinkead v. Humana, Inc.*, 2016 WL 3950737, *1 (D. Conn. 2016); *see also* 29 C.F.R. § 552.109. As of January 1, 2015, Plaintiff also contends that the companionship services exemption does not apply to him because he spent more than 20 percent of his workweek assisting Defendant's client with daily living activities. *See* 29 C.F.R. § 552.6. Defendant, on the other hand, disputes the amount of time Plaintiff spent performing general household work and assisting with daily living activities and the effective date of the Department of Labor's new rule. *See Bangoy v. Total Homecare Solutions, LLC.*, 2015 WL 12672727 (S.D. Ohio Dec. 21, 2015) (Final Rule effective on October 13, 2015).

If Defendant prevailed in establishing that the companionship services exemption applied to Plaintiff, Plaintiff's potential recovery for overtime under the FLSA and NYLL could be severely reduced or virtually eliminated. In addition, for Plaintiff to establish that the companionship services exemption does not apply, Plaintiff may have to prove the amount of time he spent on his job duties with testimony and a jury might credit Defendant over Plaintiff. As such, even if Plaintiff is successful at trial, Plaintiff faces a risk that a jury could award him less than the settlement amount. Furthermore, Defendant has provided documentation pursuant to NYLL § 652(3) that Defendant contends exempts it from the provisions of the NYLL as a nonprofit institution, which might eliminate any damages under the NYLL. *See* N.Y. Lab. L. § 652(3). Finally, Plaintiff may not recover liquidated damages under both the FLSA and NYLL for the same violations. *See Inclan v. New York Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 505-506 (S.D.N.Y. 2015); *see also Chowdhury v. Hamza Express Food Corp.*, 2016 WL 7131854 (2d Cir. Dec. 7, 2016) (summary order).

In addition, the Court has pending before it Defendant's motion to compel arbitration pursuant to Defendant's agreement with 1199 SEIU United Healthcare Workers East ("1199"), the bargaining representative of Defendant's employees. Had the Court been called upon to

render a decision on this motion, it could have resulted in additional litigation, appeal and/or arbitration of the parties' dispute, as well as additional delay.

Further, the Settlement Agreement will also spare the parties the expense of conducting depositions of the parties and third-party witnesses, engaging in motion practice and conducting a trial.  In addition, the Settlement Agreement provides Plaintiff with an immediate recovery, as opposed to a delayed recovery or none at all.  Third, the Settlement Agreement allows the parties to avoid the litigation risks set forth above.  Fourth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel and the parties' attorneys focus on litigating wage and hour cases, such as this one.  Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

Respecting non-monetary terms, the Settlement Agreement contains a mutual non-disparagement clause with a carve-out for the parties to make "truthful statements about their experience concerning this Action," which courts have observed may be approved as fair and reasonable.  *See Lazaro-Garcia v. Sengupta Food Services*, 2015 WL 9162701, at *3 (S.D.N.Y. 2015).

Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to request costs of $475.00[1] which is supported by documentation in Exhibit C and one-third in attorneys' fees from Plaintiff's recovery of $20,000.00, or $7,141.66.  "An award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.*, No. 11 Civ. 1531, 2014 WL 321831, at *9 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs.  This fee arrangement is routinely approved by courts in this Circuit."); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG), 2014 WL 6621081 at *2-3 (E.D.N.Y. Nov. 21, 2014) (awarding a one-third contingency fee consistent with plaintiff's counsel's retainer agreement).  Indeed, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."  *See Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. 2015).  In further support of this request for attorneys' fees, Plaintiff's counsel has attached Exhibit D, detailing the date, hours expended, and nature of Plaintiff's counsel's work on this case.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015).  Exhibit D shows that Plaintiff's counsel worked 26.8 hours, which, at a rate of $250 per hour, would equal a "lodestar" amount of $6,700.00.  *See Sanchez v. JMP Ventures, L.L.C.*, 13 Civ. 7264, 2015 U.S. Dist. LEXIS 16026, at *16-17 (S.D.N.Y. Feb. 10, 2015) ("…persuasive case law suggests that a multiplier as high as 2.0 is appropriate to compensate for the risk associated with contingent fees in FLSA cases.").

Accordingly, an award of attorneys' fees of $6,666.66 plus costs of $475.00 for a total of $7,141.66 is fair and reasonable and Plaintiffs' counsel requests that the Court approve it.  Further, the parties request that the Court enter the Stipulation of Dismissal with Prejudice.

---

[1] Plaintiff's counsel incurred costs of $400 for filing the complaint, which the Court can take judicial notice of and award as a cost, *see Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 23528555, at *7 (E.D.N.Y. May 29, 2013), and $75.00 for service of process, documentation of which is provided as Exhibit C.

LAW OFFICE OF FINN W. DUSENBERY

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Finn W. Dusenbery_____
Finn W. Dusenbery
*Attorney for Plaintiff*